**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5184**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WALTER ENRIQUE MUNOZ-BARAHONA, a/k/a Oscar Torres-Hernandez,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge.  (2:09-cr-00017-RGD-FBS-1)

Submitted:  July 14, 2010            Decided:  July 28, 2010

Before TRAXLER, Chief Judge, and MOTZ and GREGORY, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Richard J. Colgan, Assistant Federal Public Defender, Norfolk,
Virginia, for Appellant.  Sherrie S. Capotosto, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Enrique Munoz-Barahona, a Mexican citizen with a history of entering the United States illegally, pled guilty to again entering the United States illegally on January 7, 2008. The district court sentenced him to 18 months in prison. Munoz-Barahona appeals, challenging his sentence and requesting expedited consideration of his appeal. We grant the motion for expedited consideration and affirm.

I.

Munoz-Barahona illegally entered the United States on April 28, 2005; August 28, 2005; September 18, 2006; October 22, 2006; February 26, 2007; March 5, 2007; April 6, 2007; June 1, 2007; and January 7, 2008. On December 7, 2008, the police arrested him for driving under the influence and engaging in a hit and run. On February 4, 2009, a grand jury charged Munoz-Barahona with entering the United States without permission after a previous deportation, in violation of 8 U.S.C. § 1326(a) (2006). He pled guilty. The statutory maximum for this crime is 2 years in prison. Id.

The probation officer found that Munoz-Barahona had a total offense level of 6 and a criminal history category of IV, which corresponded to an advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") sentence of 6-12 months. The

2

probation officer did not note any factors warranting departure, and so recommended a sentence within this range.  Munoz-Barahona did not object to the probation officer's recommendation, and requested a sentence of time served.  The Government expressed its belief that the Guidelines sentence would be reasonable.

The district court opened the sentencing hearing with the following statement:

> So let me be very frank with you, Mr. Colgan [defense counsel], so you can address this argument.
> It appears that Mr. Munoz-Barahona has illegally entered this country nine times.  He's reentered this country sometimes mere days after being arrested and deported.  He's never been subject to a lengthy period of incarceration, but he has certainly flouted our immigration laws.
> . . . .
> Accordingly, I am contemplating increasing by two levels the defendant's criminal history category, because I don't think it sufficiently reflects his lack of caring of our immigration laws. . . .
> . . . .
> I just want you to know that now.  I don't have to give notice, like we did when the sentencing guidelines were mandatory, but I do want you to be aware that that's what I'm thinking so you can address those issues, if you can.

Defense counsel did not object to the lack of prior notice of an increased sentence and instead proceeded to address the district court's concerns.

After hearing defense counsel's arguments, the district court again expressed its desire to fashion a sentence that would deter Munoz-Barahona from future criminal conduct and protect the public.   The court increased Munoz-Barahona's

3

criminal history category from category IV to category VI, which corresponded to a Guidelines sentence of 12-18 months, and then sentenced him to 18 months' imprisonment.

On appeal, Munoz-Barahona challenges his sentence as procedurally and substantively unreasonable.

## II.

Munoz-Barahona offers two arguments as to why the district court <u>procedurally</u> erred in imposing his sentence. First, he contends that "the district court imposed a criminal history departure without giving the requisite notice of its intent to depart." Br. of Appellant at 6. Second, he maintains that the district court "compounded the error by jumping directly from criminal history category IV to category VI without considering any intermediate levels of punishment." <u>Id.</u> We consider each argument in turn.

### A.

Federal Rule of Criminal Procedure 32(h) provides that "[b]efore the court may depart from the applicable sentencing guidelines range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." <u>See also</u> U.S.S.G. § 6A1.4. Munoz-Barahona and the Government disagree as to whether the

4

district court <u>departed</u> from the Guidelines range or imposed a <u>variance</u>. If the district court did the latter, it had no obligation to notify the parties of its intention to do so. <u>See</u> <u>Irizarry v. United States</u>, 128 S. Ct. 2198, 2202-04 (2008).

Assuming for the sake of argument that the district court erred by departing upward without giving notice, Munoz-Barahona nevertheless cannot prevail on this argument because he did not object to the lack of notice at sentencing, and he has not demonstrated the prejudice necessary for a showing of plain error. <u>See</u> <u>United States v. Lynn</u>, 592 F.3d 572, 577 (4th Cir. 2010) (applying plain-error review to "unpreserved claims of procedural sentencing error" and noting that plain error requires a showing that "an error (1) was made, (2) is plain . . . , and (3) affects substantial rights"). The district court informed defense counsel of its inclination to depart at the start of the sentencing proceedings, and gave defense counsel ample opportunity to address the issue. At sentencing, Munoz-Barahona did not complain of any lack of notice, but rather simply argued the merits. On appeal, Munoz-Barahona does not address the plain-error standard, and offers no explanation as to how the district court's asserted notice error prejudiced him.

B.

Munoz-Barahona's argument regarding incremental departure also has no merit. He cites United States v. Dalton, 477 F.3d 195 (4th Cir. 2007), for the proposition that a district court may depart to "successively higher [criminal history] categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." Id. at 199 (internal quotation marks omitted). However, this requirement applies only where the district court departs upward from criminal history category VI. See id.; U.S.S.G. § 4A1.3(a)(4)(B). In this case, the district court departed upward from category IV to category VI. While the court did not explain in detail why category VI better reflected Munoz-Barahona's criminal history, it adequately drew from the relevant 18 U.S.C. § 3553(a) sentencing factors to explain the sentence it imposed.

III.

Munoz-Barahona's argument that his 18-month sentence was substantively unreasonable also fails. The increased sentence imposed by the district court -- from the suggested Guidelines maximum of 12 months to 18 months -- is significant. However, given Munoz-Barahona's extensive history of entering the country illegally, and his drug-and-alcohol-related infractions while in

6

the country, we cannot conclude that the sentence imposed was substantively unreasonable.

IV.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.